IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TODD COURTNEY,

                              Plaintiff,

v.

ORDER

14-cv-576-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                              Defendant.

Plaintiff Todd Courtney seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. The court held a telephonic hearing on Courtney's motion for summary judgment on June 25, 2015. For the reasons stated more fully at the hearing, the court will deny Courtney's motion and affirm the Commissioner's decision.

Courtney contends that the ALJ erred by: (1) making an unsupported credibility determination; (2) relying on flawed testimony from the vocational expert (VE); and (3) applying only part of a doctor's opinion after giving it "great weight."

The ALJ found that although Courtney's impairments could reasonably be expected to cause his alleged symptoms, Courtney's statements about the intensity, persistence, and limiting effects of the impairments were not entirely credible. R. 29.[1] Courtney argues that this was reversible error because it lacked support. But "[a]n ALJ is in the best position to determine the credibility of witnesses," and the court will uphold his credibility

---

[1] Record cites are to the administrative record, Dkt. 8.

determination unless it was patently wrong. *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008).

The ALJ gave four reasons for discrediting Courtney's testimony. The first reason is that Courtney's statements were inconsistent with his "conservative course of treatment, the mild to moderate deficiencies noted on most physical examination reports, and the claimant's own description of his ability to perform routine daily activities." R. 29. Although the ALJ cited to record evidence for support, this first reason is not adequately supported. The ALJ failed to explain what level of treatment he believed would suffice to demonstrate impairment severe enough to be consistent with the statements that the ALJ found incredible. In fact, the record demonstrates (and the Commissioner concedes) that Courtney's treatment was actually not conservative. The other inconsistencies, however, find support in the record.

The ALJ's other reasons for discrediting Courtney are also sound. The second reason is that Courtney testified at the hearing about needing to elevate his leg for two to three hours per day and rest for about two hours per day, but he did not report these limitations to his treatment providers. Indeed, Dr. Kirkhorn did not list them in Courtney's work restrictions.

The third reason is Courtney's history of lying to his treatment providers about his substance abuse, which the ALJ supported with citations to specific examples in the record. The ALJ also described Courtney's history of drug-seeking behavior, which was also documented in the record. R. 29-30.

The fourth reason is that despite Courtney's claim that he was unable to work because of his impairments, Courtney was collecting unemployment during the period of his disability. R. 30. The ALJ explained that this means that Courtney was representing to the state government that he was able to work, while representing to the federal government that

he was unable to work because of his impairment. The ALJ acknowledged that this reason was not dispositive, but that it was one of the many factors that he must consider, as provided by the regulations. *Id.*

The ALJ's credibility determination was not perfect, particularly because of the baseless statement about conservative treatment. But it was otherwise well supported and definitely not patently wrong.

Courtney also argues that the ALJ erred by relying on deficient VE testimony. Courtney argues that the testimony is insufficiently supported, based on out-of-date vocational information, and methodologically flawed. He cites to recent Seventh Circuit case law, *Herrmann v. Colvin*, 772 F.3d 1110 (7th Cir. 2014), and *Browning v. Colvin*, 766 F.3d 702, 708-12 (7th Cir. 2014), which generally criticize VE methodology and the relevant Social Security Administration regulations. But neither of these cases mandates reversal on the basis of inadequate VE testimony. Courtney and Judge Posner make good points about the limitations of the DOT, and the deficiencies in common methods of estimating available jobs in the economy. But the VE testimony in this case does not include the common and egregious deficiencies discussed in *Herrmann* and *Browning*. The ALJ and the VE had a thorough discussion, including hypotheticals that incorporated Courtney's limitations, and the VE gave accurate answers. The VE went even further to explain that, in addition to the standard resources, he relied on his personal experience of 33 years in the field, R. 121, and he explained that he used the most conservative of three available methods of estimating the number of positions in a sub-classification, R. 119-120. The VE's testimony, and the ALJ's reasonable reliance on it, are consistent with current Social Security regulations, and they do not constitute error requiring remand.

Finally, Courtney's opening brief alluded to a third argument relating to the application of a medical opinion that the ALJ gave "great weight." But Courtney's briefing failed to develop this argument at all, and he has thus waived it. *United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). In any case, based on the court's review of the ALJ's decision, this would not be a winning argument.

Accordingly, IT IS ORDERED that the decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Todd Courtney's application for disability benefits is AFFIRMED and Courtney's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of the defendant and close this case.

Entered July 2, 2015.

                                              BY THE COURT:

                                              /s/

                                              _____
                                              JAMES D. PETERSON
                                              District Judge